**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

CAMERON D. WILLIAMS,

                 Petitioner,    :           Case No. 2:25-cv-00283

   - vs -                         Chief Judge Sarah D. Morrison
                                Magistrate Judge Michael R. Merz

SHELBIE SMITH, WARDEN,
  Belmont Correctional Institution,

                              :
               Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. §2254 is brought *pro se* by Petitioner Cameron Williams to obtain relief from his conviction in the Common Pleas Court of Muskingum County, Ohio, on drug-related offenses. The case is ripe for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 8), the Warden's Return of Writ (ECF No. 9), and Petitioner's Traverse (ECF No. 12). The Magistrate Judge reference of the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 13).

**Litigation History**

On April 26, 2023, a Muskingum County Grand Jury indicted Williams on one count of possession of a fentanyl-related compound in violation of Ohio Revised Code § 2925.11(A) and Ohio Revised Code § 2925.11(C)(11)(b) and one count of tampering with evidence in violation of

1

Ohio Revised Code § 2921.12(A), (1), (2), and R.C. 2921.12(B)(Indictment, State Court Record, ECF No. 8, Ex. 1).  Having originally pleaded not guilty, Petitioner changed his plea to guilty on both counts. *Id.* at Ex. 4.  The trial court sentenced Williams to fifty-four months imprisonment and to be consecutively imprisoned for the remaining term of his violated post-release control. *Id.* at Ex. 6.

Williams appealed to the Ohio Fifth District Court of Appeals which affirmed (Opinion, State Court Record, ECF No. 8, Ex. 10).  The Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal. *Id.* at Ex. 13.  Petitioner filed his Petition in this case on March 13, 2025, by mailing it to the Court on that date.  He pleads the following grounds for relief:

> **Ground One:** The court of appeals adjudication of the proportionality of sentence claim amounted to an arbitrary or abuse of discretion, resulting in a decision that is contrary to, or involved an unreasonable application of clearly established federal law; and resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.
>
> **Supporting Facts:** The Court of Appeals decision amounted to an arbitrary or capricious decision as his sentence violates the United States Constitutional standards for proportionate sentences, in that the sentence imposed is grossly disproportionate to the crime and offender.
>
> **Ground Two:** The proportionality of the sentence was inconsistent with the principles set forth in O.R.C. 2929.11 and factors to be considered in O.R.C. 2929.12
>
> **Supporting Facts:** The sentence is disproportionate to the seriousness of the offense and that the trial court erred in ordering consecutive sentences.
>
> **Ground Three:** The trial court's decision to impose consecutive sentences on counts 1-2 because the consecutive sentences are in contravention of the sentencing statutes.
>
> **Supporting Facts:** The trial court was not authorized to order his sentence to be served consecutively.

2

(Petition, ECF No. 1).

# Analysis

**Ground One:  Cruel and Unusual Punishment:  Sentence Disproportionate to Offense and Offender**

In his First Ground for Relief, Williams contends he is suffering cruel and unusual punishment because his sentence is disproportionate to his crime.

Williams' First Assignment of Error on Direct Appeal was

> {¶14} "I. THE PROPORTIONALITY OF THE SENTENCE WAS INCONSISTENT WITH THE PRINCIPLES SET FORTH IN O.R.C. 2929.11 AND FACTORS TO BE CONSIDERED IN O.R.C. 2929.12."

The Fifth District considered Williams' two assignments of error together and wrote:

> {¶16} Appellant's two assignments of error are related and will be considered together. He argues his sentence is disproportionate to the seriousness of the offenses and that the trial court erred in ordering consecutive sentences. We disagree.
>
> {¶17} A court reviewing a criminal sentence is required by R.C. 2953.0B(F) to review the entire trial court record, including any oral or written statements and presentence investigation reports. R.C. 2953.08(F)(1) through (4). We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶22. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(8) or (D), 2929.14(8)(2)(e) or (C)(4), or 2929.20(1), or the sentence is otherwise contrary to law. See, a/so, *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28.

*Maximum sentence*

{¶18} A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law if the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. *State v. Carbaugh,* 5th Dist. No. CT2022-0050, 2023-Ohio-1269, 213 N.E.3d 180, ¶ 26, internal citations omitted. "[N]either R.C. 2929.11 nor 2929.12 require [the] court to make any specific factual findings on the record." *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20, *citing State v. Wilson,* 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett,* 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶19} In *State v. Bryant,* the Court clarified,

> The narrow holding in *Jones* [163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649] is that R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *See Jones* at ¶ 31, 39. Nothing about that holding should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was improperly imposed based on impermissible considerations-Le., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Indeed, in *Jones,* this court made clear that R.C. 2953.08(G)(2)(b) permits appellate courts to reverse or modify sentencing decisions that are " 'otherwise contrary to law.' " *Jones* at ,r 32, *quoting* R.C. 2953.08(G)(2)(b). This court also recognized that "otherwise contrary to law" means " 'in violation of statute or legal regulations at a given time.' " *Id.* at ¶ 34 *quoting* Black's Law Dictionary 328 (6th Ed.1990).

> Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are therefore reviewable.

*State v. Bryant,* 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68,¶ 22.

4

{¶20} In the instant case, on the record at the sentencing hearing, the trial court noted appellant was released from prison two months before he was found with fentanyl.  Appellant's criminal history was replete with failures to complete post-release control and probation orders. He has prior convictions for aggravated drug trafficking and trafficking fentanyl, along with having a weapon while under disability. Appellant was convicted of escape and possession of heroin. Upon judicial release from prison in those cases, he violated probation by failing to complete counseling. Appellant admitted on the record he's never completed judicial release requirements because he's always "caught a new case" while on probation from a prior case. T. 11. Appellant agreed with the trial court that while on probation from numerous felonies, he continued to commit new felonies. T. 13. Appellant claimed to be sober but admitted using drugs in prison to "help [him] get through the time." T. 13. The offenses in the instant case were committed while appellant was on probation in Summit County, and he claimed he thought he bought cocaine but someone gave him fentanyl. The trial court further noted appellant's numerous write-ups in prison for drug use.

{¶21} Appellant argues generally that the trial court failed to recognize he had "turned a corner" in his life and was living lawfully and productively, an assertion belied by the fact that he admittedly bought fentanyl two months after release from prison. We can discern from the record that the trial court considered the sentencing factors in R.C. 2929.11 and R.C. 2929.12. Appellant fails to point to any factors or considerations extraneous to those permitted by R.C. 2929.11 and 2929.12, that would establish the sentence is contrary to law.

{¶ 22} We conclude that the trial court did not commit error when it sentenced appellant to the maximum sentences. Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. While appellant may disagree with the weight given to these factors by the trial judge, his sentence was within the applicable statutory range and therefore, we have no basis for concluding that it is contrary to law. Appellant has not demonstrated that the trial court imposed the sentence based on impermissible considerations-i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. *Carbaugh, supra,* 2023-Ohio-1269, 213 N.E.3d 180, ¶ 29 (5th Dist.).

*State v. Williams, supra.*

As pleaded here, Ground One sets forth a claim cognizable in habeas corpus, to wit, that

Petitiomner's sentence amounts to cruel and unusual punishment as prohibited by the Eighth Amendment, applicable to the States by incorporation in the Fourteenth Amendment's Due Process Clause. *Robinson v. California*, 370 U.S. 660 (1962). But before a constitutional claim can be presented in habeas corpus, it must have been fairly presented to a complete round of State court consideration. *O'Sullivan v. Boerckel*, 526 U.S. 838, 846-7(1999).

A claim is fairly presented if the petitioner

> (1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.

*Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017). In his brief on appeal, Williams phrased his First Assignment of Error purely in terms of Ohio sentencing statutes; he neither phrased the claim in constitutional terms, nor cited any federal case law in support (Appellant's Brief, State Court Record, ECF No. 8, Ex. 8, PageID 56-57). Nor did the Fifth District cite any Supreme Court precedent or phrase its decision in constitutional terms.

Because Williams did not fairly present his disproportionate sentencing claim to the Ohio courts as a federal constitutional claim, it is procedurally defaulted and Williams has offered no excusing cause and prejudice. Ground One should be dismissed as procedurally defaulted.

Alternatively, Ground One is without merit.

The Supreme Court has applied a proportionality principle to Eighth Amendment claims about noncapital sentences.

> The Eighth Amendment proportionality principle also applies to noncapital sentences. In *Rummel v. Estelle,* 445 U.S. 263, 63 L. Ed. 2d 382, 100 S. Ct. 1133 (1980), we acknowledged the existence of the proportionality rule for both capital and noncapital cases, id., at 271-274, and n. 11, but we refused to strike down a sentence of life

6

imprisonment, with possibility of parole, for recidivism based on three underlying felonies. In *Hutto v. Davis*, 454 U.S. 370, 374, 70 L. Ed. 2d 556, 102 S. Ct. 703, and n. 3 (1982), we recognized the possibility of proportionality review but held it inapplicable to a 40-year prison sentence for possession with intent to distribute nine ounces of marijuana. Our most recent decision discussing the subject is *Solem v. Helm*, 463 U.S. 277, 77 L. Ed. 2d 637, 103 S. Ct. 3001 (1983). There we held that a sentence of life imprisonment without possibility of parole violated the Eighth Amendment because it was "grossly disproportionate" to the crime of recidivism based on seven underlying nonviolent felonies. The dissent in *Solem* disagreed with the Court's application of the proportionality principle but observed that in extreme cases it could apply to invalidate a punishment for a term of years. Id., at 280, n. 3. See also *Hutto v. Finney*, 437 U.S. 678, 685, 57 L. Ed. 2d 522, 98 S. Ct. 2565 (1978) (dicta); *Ingraham v. Wright*, 430 U.S. 651, 667, 51 L. Ed. 2d 711, 97 S. Ct. 1401 (1977) (dicta).

*Harmelin v. Michigan,* 501 U.S. 957, 997-998 (1991). The Sixth Circuit "adheres to the 'narrow proportionality principle' for evaluating Eighth Amendment claims articulated in *Harmelin*." *United States v. Young,* 847 F.3d 328 (6th Cir. 2017), citing *United States v. Graham*, 622 F.3d 445, 452 (6th Cir. 2010); *United States v. Hill*, 30 F.3d 48, 50-51 (6th Cir. 1994).

"One governing legal principle emerges as "clearly established" under § 2254(d)(1): A gross disproportionality principle is applicable to sentences for terms of years." *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003).

The Court's cases addressing the proportionality of sentences fall within two general classifications. The first involves challenges to the length of term-of-years sentences given all the circumstances in a particular case. The second comprises cases in which the Court implements the proportionality standard by certain categorical restrictions on the death penalty.

In the first classification the Court considers all of the circumstances of the case to determine whether the sentence is unconstitutionally excessive. Under this approach, the Court has held unconstitutional a life without parole sentence for the defendant's seventh nonviolent felony, the crime of passing a worthless check. *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). In other cases, however, it has been difficult for the challenger to establish a lack

7

of proportionality. A leading case is *Harmelin v. Michigan,* 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991), in which the offender was sentenced under state law to life without parole for possessing a large quantity of cocaine. A closely divided Court upheld the sentence. The controlling opinion concluded that the Eighth Amendment contains a "narrow proportionality principle," that "does not require strict proportionality between crime and sentence" but rather "forbids only extreme sentences that are 'grossly disproportionate' to the crime." Id., at 997, 1000-1001, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (Kennedy J., concurring in part and concurring in judgment). Again closely divided, the Court rejected a challenge to a sentence of 25 years to life for the theft of a few golf clubs under California's so-called three-strikes recidivist sentencing scheme. *Ewing v. California*, 538 U.S. 11, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003); see also *Lockyer v. Andrade*, 538 U.S. 63, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The Court has also upheld a sentence of life with the possibility of parole for a defendant's third nonviolent felony, the crime of obtaining money by false pretenses, *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980), and a sentence of forty years for possession of marijuana with intent to distribute and distribution of marijuana, *Hutto v. Davis*, 454 U.S. 370, 102 S. Ct. 703, 70 L. Ed. 2d 556 (1982) (per curiam).

The controlling opinion in *Harmelin* explained its approach for determining whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime. A court must begin by comparing the gravity of the offense and the severity of the sentence. 501 U.S., at 1005, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (opinion of Kennedy J.). "[I]n the rare case in which [this] threshold comparison . . . leads to an inference of gross disproportionality" the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Ibid*. If this comparative analysis "validate[s] an initial judgment that [the] sentence is grossly disproportionate," the sentence is cruel and unusual. *Ibid.*

*Graham v. Florida*, 560 U.S. 48, 59-60 (2010).

The Fifth District did not expressly engage in the weighing process outlined in *Graham*. Instead, it found the sentence imposed was within the range allowed by Ohio statute and the trial court had considered "both the purposes and principles of felony sentencing set forth in R.C.

8

2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12." *Williams, supra,* at

¶ 18.

Ohio Revised Code § 2929.11 provides:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender.

Ohio Revised Code § 2929.12 provides:

(A) Unless otherwise required by section 2929.13 or 2929.14 of the **Revised** Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the **Revised** Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States, and the factors set forth in division (G) of this section relating to Alford pleas and, in

addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2) The victim of the offense suffered serious physical, psychological, or economic harm, including serious physical harm the victim caused to the victim's self, as a result of the offense.

(3) The victim died by suicide as a result of the offense.

(4) The offender held a public office or position of trust in the community, and the offense related to that office or position.

(5) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

(6) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

(7) The offender's relationship with the victim facilitated the offense.

(8) The offender committed the offense for hire or as a part of an organized criminal activity.

(9) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

(10) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 involving a person who was a family or household member at the time of the violation, the offender

10

committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

(1) The victim induced or facilitated the offense.

(2) In committing the offense, the offender acted under strong provocation.

(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the **Revised** Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the offender's removal from the transitional control program under section 2967.26 of the Revised Code.

(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

11

(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the **Revised** Code prior to January 1, 2002, or pursuant to Chapter 2152. of the **Revised** Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

(5) The offender shows no genuine remorse for the offense.

(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

(4) The offense was committed under circumstances not likely to recur.

(5) Except as provided in division (G) of this section, the offender shows genuine remorse for the offense.

(F) The sentencing court shall consider the offender's military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses.

(G) If the offender enters an *Alford* plea, the sentencing court shall not consider whether the offender showed genuine remorse for the offense.

12

The Fifth District found that the appellate record supported the following findings regarding sentencing:

> {¶7} Appellant appeared for sentencing on September 18, 2023. On the record and in the sentencing entry, the trial court noted appellant had a lengthy criminal history; the instant offenses were committed shortly after appellant was released from prison and while he was on post-release control; appellant had multiple write-ups while in prison; and appellant was historically unsuccessful on probation, judicial release, and post-release control. The trial court imposed a prison term of 18 months upon Count I and 36 months upon Count II, ordering the terms to be served consecutively.
>
> {¶8} The trial court terminated appellant's post-release control on three Summit County cases and imposed the remaining time on those terms to be served in prison, consecutive to the 54-month term in the instant case.
>
> {¶9} The trial court found the imposition of consecutive sentences to be necessary to protect the public from future crime or to punish appellant, that consecutive sentences are not disproportionate to the seriousness of appellant's conduct, and to the danger appellant poses to the public.
>
> {¶10} The trial court further found appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by appellant.

*State v. Williams, supra.*

Williams makes the conclusory claim that the Fifth District misapplied the gross disproportionality principle derived from Supreme Court precedent, but he does not say how he reaches that conclusion. He does not offer any of the analysis called for by *Graham*, to wit, sentences received by others in Ohio or other jurisdictions for like or similar crimes. He was sentenced for two separate crimes committed on the same occasion. The drug offense to which Williams pleaded guilty involved more than ten but less than fifty unit doses of a fentanyl-related compound. Ohio Revised Code § 2925.11(C)(11)(b). The seized drugs weighed 4.2 grams. The

13

Ohio Department of Health reports 4, 452 drug overdose deaths in 2023 with 63.4% attributed to fentanyl[1]. Eighteen months is therefore not grossly disproportionate to the seriousness of the drug possession conviction. Nor is thirty-six months grossly disproportionate for the tampering with evidence conviction, given that the drugs were recovered from an evident attempt to dispose of them. In *Hutto v. Davis*, 454 U.S. 370 (1982), the Supreme Court upheld a sentence of forty years for possession of marijuana with intent to distribute and distribution of marijuana, conduct which is now lawful in some States.

Nor does Williams offer any analysis of how the particular characteristics of an offender figure into the disproportionality calculation. Here the Ohio court found Williams had a long criminal record including prior drug and firearm offenses, a history of drug use in prison, recent release on post-release control, the conditions of which he was obviously violating when arrested, and an apparently cavalier attitude about drug possession, having admitted the presence of marijuana in the stopped vehicle. He claimed the trial judge did not consider that he had recently "turned a corner," but he gave no proof of that and in fact committed this offense two months after his release from prison.

In sum, Williams has failed to show that the Fifth District's decision is in any way an unreasonable application of relevant Supreme Court precedent.

Beginning at page fourteen of his Traverse, Williams makes an entirely new claim

> The Court Of Appeals Violated Petitioner's Constitutional Right To Due Process And Equal Protection Of The Law Where It Treated Petitioner Differently From Others Similar Situated, And Failed To Apply The Law Equally In Review Of The Allied Offense Of Similar Import Issue, Thereby Treating Him Differently And Violating The Equal Protection Clause Of The Fourteenth Amendment To The United States Constitution.

---

[1] https://odh.ohio.gov, visited February 26, 2026.

(ECF No. 12, PageID 195).  The Court declines to consider this Equal Protection claim because it is not part of the Petition and new claims may not be introduced in a traverse.  A district court may decline to review a claim a petitioner raises for the first time in his traverse or reply.  *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).

Petitioner also makes a new claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000):

> Petitioner asserts that the trial court used facts not found by a jury to justify imposing consecutive sentence, in violation of clearly established United States Supreme Court law as set forth in *Blakely v. Washington.*

(Traverse, ECF No. 12, PageID 196).  The Court declines to reach that claim for the same reason given above as to the Equal Protection claim.  The claim is without merit as well, because there was no sentence enhancement fact in the case which had to be found by a jury under *Apprendi* or *Blakely*.

**Ground Two:  Sentence Disproportionate Under Ohio Law**

In his Second Ground for Relief, Williams asserted that the Ohio courts misapplied the proportionality sentencing factors in Ohio Revised Code § 2929.11 and § 2929.12.  Williams does not argue this claim separately from his First Ground for Relief.

Ground Two is not cognizable in federal habeas corpus because it raises only a question of state law.  Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).   "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction

15

violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).  Furthermore, the Fifth District Court of Appeals considered this precise question and found no violation of those two statutes.  Its conclusions are binding on this Court.  *Bradshaw v. Richey*, 546 U.S. 74 (2005).


**Ground Three:  Improper Imposition of Consecutive Sentences**


In his Third Ground for Relief, Williams claims imposition of consecutive sentences was not authorized in this case.  The Fifth District concluded to the contrary and we are bound by their interpretation of Ohio law.  *Bradshaw, supra.*  To the extent Williams is claiming that imposition of consecutive sentences is unconstitutional, that claim is not cognizable in habeas corpus.

> The historical record demonstrates that the jury played no role in the decision to impose sentences consecutively or concurrently. Rather, the choice rested exclusively with the judge. See, e.g., 1 J. Bishop, Criminal Law § 636, pp 649-650 (2d ed. 1858) ("[W]hen there are two or more convictions, on which sentence remains to be pronounced; the judgment may direct, that each succeeding period of imprisonment shall commence on the termination of the period next preceding."); A. Campbell, Law of Sentencing § 9:22, p 425 (3d ed. 2004) ("Firmly rooted in common law is the principle that the selection of either concurrent or consecutive sentences rests within the discretion of sentencing judges."). This was so in England before the founding of our Nation,n8 and in the early American States. Ice "has no quarrel with [this account] of consecutive sentencing practices through the ages." Brief for Respondent 32. The historical record further indicates that a judge's imposition of consecutive, rather than concurrent, sentences was the prevailing practice.


*Oregon v. Ice,* 555 U.S. 160, 168-9 (2009).

**Request for an Evidentiary Hearing**

Williams concludes his Traverse by asking for an evidentiary hearing (ECF No. 12, PageID 199-200). He gives no indication of what evidence he would present at such a hearing. Thus he has not shown an entitlement to a hearing under 28 U.S.C. § 2254. Furthermore, the Court is limited in deciding the case to the record that was before the Fifth District Court of Appeals. *Cullen v. Pinholster,* 563 U.S. 170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

 February 27, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

17

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #