UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CAMERON D. WILLIAMS,

               Petitioner,  :         Case No. 2:25-cv-00283

   - vs -                      Chief Judge Sarah D. Morrison
                                   Magistrate Judge Michael R. Merz

SHELBIE SMITH, WARDEN,
  Belmont Correctional Institution,

                                :
               Respondent.

**OPINION AND ORDER**

Petitioner Cameron Williams filed this habeas corpus case *pro se* under 28 U.S.C. §2254 to obtain relief from his conviction in the Common Pleas Court of Muskingum County, Ohio, on drug-related offenses. The matter is before the Court on Petitioner's Objections (Objs., ECF No. 17) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition with prejudice (R&R, ECF No. 14). As required by 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the Court has reviewed the Report *de novo* with particular attention to those portions objected to by Petitioner.

Petitioner's First Ground for Relief claims his sentence violated the Eight Amendment's Cruel and Unusual Punishment Clause. The Magistrate Judge concluded this claim was procedurally defaulted because it had not been presented to the Ohio Fifth District Court of Appeals as a federal constitutional claim and,

1

alternatively, that it was without merit. (R&R, PageID 218-27.) At the heart of

Petitioner's objection on Ground One, he asserts:

> In December 2022, the Ohio Supreme Court issued a decision that
> called aggregate sentencing into question **under Ohio law**. *State v.
> Gwynne,* [173 Ohio St. 3d 440] 2022-Ohio-4607, 2022 Ohio LEXIS
> 2612, 2022 WL 17870605 (Ohio, Dec. 23, 2022).

(Objs, PageID 235, emphasis supplied). As Petitioner admits, that was a decision

under Ohio law, and this Court has no authority to correct perceived errors of state

law. Moreover, the cited decision was vacated by the Ohio Supreme Court. *State v.

Gwynne,* 173 Ohio St. 3d 525 (Oct. 25, 2023).

Petitioner argues further "Now that the Ohio Supreme Court has clarified

Ohio's sentencing law's proper interpretation, federalism and comity require this

Court to allow Ohio the first chance to correct any proportionality errors in

Petitioner's sentence."  (Objs, PageID 235.) The Ohio Supreme Court had a first

chance to adopt Petitioner's interpretation of Ohio's aggregate sentencing when he

appealed to that court on July 5, 2024 (State Court Record 8, Ex. 11), but that court

declined to take the case. (*Id.* at Ex. 13.) In any event this Court lacks authority to

remand a case to the Ohio Supreme Court.

Petitioner objects further that the United States Supreme Court has

recognized a gross disproportionality principle under the Eighth Amendment. (Objs,

PageID 236). The R&R recognizes that legal principle as having been adopted by

the Supreme Court. (R&R, PageID 240). And this Court agrees with the Magistrate

Judge that Petitioner has not shown a gross disproportionality between his offenses

and his sentence.

Under Objection Three, Petitioner raises an entirely new claim that he was subjected to judicial bias. (Objs, PageID 241). This claim was not raised in the Petition or Reply, and new claims cannot be raised in objections to a Magistrate Judge's Report. Moreover, Petitioner pleads no facts in support of this claim – he merely cites the law that makes judicial bias unconstitutional.

Finally, Petitioner objects that the Magistrate Judge did not order an evidentiary hearing for his *Batson* claim. (Objs, PageID 241-42). Petitioner requested an evidentiary hearing as part of his Traverse. (ECF No. 12, PageID 1299). But he made no mention in that pleading of any claim under *Batson v. Kentucky*, 476 U.S. 79 (1986), and the Petition does not include any such claim. Contrary to Petitioner's assertion, the Magistrate Judge did decide that Petitioner was not entitled to an evidentiary hearing. (R&R, PageID 230.) The Court agrees with the Magistrate Judge's conclusion that an evidentiary hearing in this case is barred by *Cullen v. Pinholster,* 563 U.S. 170 (2011).

Based on this analysis, the Petitioner's Objections are **OVERRULED**, and the R&R is **ADOPTED**. The Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis.*

**IT IS SO ORDERED.**

  /s/ Sarah D. Morrison
Sarah D. Morrison
Chief United States District Judge

3